UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2010 ★
BROOKLYN OFFICE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | 09-CR-253 |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| RALPH A. BERTELLE, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

1

On August 14, 2009, Ralph A. Bertelle pled guilty to count one of an eight-count indictment which charged that between September 8, 2006 and April 22, 2008, Ralph A. Bertelle, together with others, conspired to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343 and 1349.

Bertelle was sentenced on December 14, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be sixteen and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between twenty-one and twenty-seven months. The offense carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 1349. The guidelines range of fine was from $5,000 to $50,000. The underlying charges in the indictment were dismissed.

Bertelle was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine. Restitution was ordered in the amount of $265,862.94, to be paid to Signal Mutual Indemnity Association, Ltd. at a rate of $100 per month starting six months after the defendant's supervised release is completed. In addition, over $200,000 in forfeiture was ordered, pursuant to the court's Final Order of Forfeiture, Docket Entry No. 44 (Nov. 20, 2009).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker. The court considered the recommendation of the victim employer that the defendant not be sentenced to imprisonment, as well as the serious physical and mental and emotional problems of the defendant.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was involved in a serious fraud of the type that greatly increases waterfront industry costs and interferes with the ability of people to obtain jobs in an industry that has been plagued by fraud. Despite his involvement in this conspiracy, the defendant is a former Eagle Scout, has demonstrated a strong work ethic, and is a member of a loving family profoundly impacted by the defendant's and his father's conspiracy. Moreover, the victim of that conspiracy that knows the defendant best, his employer, has expressed a desire that the defendant not be sentenced to incarceration. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in fraud will result in a substantial penalty. Specific deterrence is achieved through the financial hardship of this judgment, as well as the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his expressions of remorse and the need to provide for his family both during and following his father's incarceration.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: January 13, 2010
       Brooklyn, New York